# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JASON KOKINDA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 17-cv-217 |
| PENNSYLVANIA DOC, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

**Cynthia Reed Eddy, United States Magistrate Judge.**

Presently pending before the Court is a "Motion for Liberal Amendment" (ECF No. 60) filed by Plaintiff Jason Kokinda, a former state prisoner proceeding *pro se*. The motion will be denied.

On February 16, 2017, Kokinda initiated this action by filing an application (ECF No. 1) to proceed *in forma pauperis*, which was granted on February 27, 2017 (ECF No. 2) Also on February 27, 2017, Kokinda filed his initial complaint. On March 7, 2017, the Court issued a twenty-four page Report and Recommendation (ECF No. 6) regarding Plaintiff's original complaint, (ECF No. 3), which recommended that, in accordance with 28 U.S.C. § 1915(e)(2), only certain claims against certain Defendants be allowed to proceed, and that all other claims and Defendants named in the complaint be dismissed *sua sponte*, with prejudice. The Court further recommended that Plaintiff be denied leave to file an amended complaint and that the original complaint, as modified by the Report and Recommendation, be served on the remaining Defendants. This Report and Recommendation put Kokinda on notice of his pleading deficiencies.

1

Rather than filing objections to the Report and Recommendation as instructed, Plaintiff filed an amended complaint (ECF No. 7) on March 11, 2017. In the amended complaint, Plaintiff reasserted many of the same allegations that he pled in the original complaint but also asserted over 100 new paragraphs of "very context specific" background allegations regarding his legally deficient conspiracy claims. He erroneously claimed that he was permitted to file an amended complaint based on Rule 15(a)(1)(A)'s directive that the pleading may be amended once as a matter of right within 21 days after serving it. See (ECF Nos. 8, 9). Notwithstanding that the amended complaint was improperly filed, the Court nevertheless carefully reviewed its allegations and determined that they did not change the Court's prior recommendation, and entered a second Report and Recommendation taking the amendments into consideration. (ECF No. 10).

On April 4, 2017, the Hon. Mark R. Hornak and adopted the Report and Recommendation (ECF No. 10) as the Opinion of the Court, and notably, entered an Order which clearly stated that "Plaintiff is ***denied leave to file a second amended complaint***" (ECF No. 14 at 3) The remaining defendants were subsequently served and thereafter filed a motion to dismiss (ECF No. 51) on June 22, 2017. That motion was held in abeyance pending Kokinda's appeal. (ECF No. 57). Although we instructed him to notify the court within 10 days of resolution of his appeal, he did not. Upon discovering that no appeal was pending, we entered an order that he notify the Court of his intent to proceed with this case. (ECF No. 58). Kokinda then filed a "Notice of Intent to Pursue Appeal" on December 20, 2017. The pending motion followed.

Federal Rule of Civil Procedure 15 states in pertinent part:

**(a) Amendments Before Trial.**

2

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading *once* as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(emphasis added). In determining whether leave to amend might reasonably be denied, courts are guided by the *Foman* factors, named for the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility. *Foman*, 371 U.S. at 182, 83 S.Ct. 227. The *Foman* factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff. *USX Corp. v. Barnhart*, 395 F.3d 161, 167–68 (3d Cir. 2004); *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998). All factors are not created equal, however, as "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006)

The pending motion to amend complaint is replete with vexatious and rambling accusations which border on the impertinent or scandalous. For example, it states, "[u]sing a colorful metaphor, this Court can shove all of the case-law they misquote to dismiss claims and defendants so far up their asses, till [sic] it bleeds out of their eyeballs. Because it is obviously junk case-law they are attempting to broaden into a titan bar against relief for justifying the

3

unlimited protection of this antichrist Goliath entity." (ECF No. 60 at 3-4). Furthermore the motion states, "[t]he U.S. Courts have made the land of the free the most oppressed and incarcerated country in history of the world" and "[i]n light of how weak the elite are, and how their systems of tyranny are so plainly exposed; it is total nonsense that Mr. Kokinda has to be the only one doing anything at all to create an escape from this problem of tyranny; the only true lover of humanity! Everyone is terrified of the Wizard of Oz and his thundering image of hype and illusions of power." (ECF No. 60 at 7, 14). Kokinda further states that a liberal amendment is necessary to incorporate by reference the material facts of a suit he filed in the United States District Court for the District of Vermont, *Kokinda v. Koch Industries, Inc.* at 2:17-cv-00098-cr. That case was filed in June of 2017, four months **after** this case, and his statement that an amendment herein is necessary for a "cogent narrative" is rejected as that suit is pending before another federal court and is a separate legal claim. In further support of his request he cites to his beliefs about corporate America, monopolies, and contends he "was a political trophy for the fracking industry." (ECF No. 60 at 4-6, 12).

The motion and allegations therein do not appear to have any coherent relation to the controversy at hand, and, even if they had been filed in a timely fashion and in accordance with the Court's instructions and the Federal Rules of Civil Procedure, would be stricken.[1] The motion contains nothing but frivolous and malicious assertions, and fails to explain how it would state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). Moreover, he appears to be operating with a dilatory motive and with undue delay and bad faith; not only did he fail to notify the court that his appeal had ended, in direct contravention of our Order, he has a long history of incomprehensible litigious behavior. In this action alone he has filed numerous

---

[1] Fed. R. Civ. P. 12(f) "permits the court, on its own motion, or on the timely motion of a party, to order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Adams v. Cnty. of Erie, Pa.*, 2009 WL 4016636 at *1 (W.D. Pa. Nov. 19, 2009) (quoting Fed. R. Civ. P. 12(f)).

motions to recuse, several motions for reconsideration and motions for clarification. This futile motion simply adds to that long list of delay tactics.

Accordingly, for all of these reasons and in the interest of justice, and to avoid any prejudice to the defendants, who filed a motion to dismiss nearly seven months ago, the motion will be denied. Furthermore, the Defendants' motion to dismiss the amended complaint, previously held in abeyance, will be decided upon completion of briefing in due course.

AND NOW, to-wit, this 18th day of January, 2018, it is hereby ORDERED that:

1. The Motion for Liberal Amendment (ECF No. 60) is DENIED;

2. The Clerk of Court shall designate Defendants' Motion to Dismiss (ECF No. 51) with brief in support as pending;

3. Plaintiff shall file a Brief in Opposition to the Motion to Dismiss on or before **February 9, 2018**; and

4. Defendants shall file a reply on or before **February 23, 2018**.

/s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: **Jason Kokinda**
(served electronically via CM-ECF at jkoda@jkoda.org)
Counsel of record via CM-ECF